"must ... if the State has a long-arm statute which allows paternity establishment, use the authority to establish paternity whenever appropriate."

*Id.*

**C.W., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A04–9307–JV–239.**

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1994.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

C.W. appeals his adjudication as a delinquent, claiming his motion for discharge under Ind.Crim.Rule 4(C) should have been granted. We affirm.

### ISSUE

Whether C.W. should be discharged and his adjudication reversed for a violation of his right to a speedy trial pursuant to Indiana Criminal Rule 4(C).

### FACTS

On November 25, 1991, the State filed a petition alleging the delinquency of C.W. for alleged incidents of battery and criminal mischief committed by C.W. on October 26, 1991. The probation department recommended an "informal adjustment." C.W. signed an informal adjustment contract on December 2, 1991. The contract was for a six month period and provided that C.W. would attend school, make restitution, pay informal adjustment program fees, perform community service, and complete an N.C.T.I. program.

According to his probation officer, C.W. failed to comply with any of the contract conditions, failed to respond to four letters sent to him, and failed to appear for an October appointment with the officer. In November, the probation officer recommended that the prosecutor's office proceed with the charges against C.W. A December 4, 1992, order notes that because C.W.'s mother was unable to attend, the initial hearing was being continued to January 4, 1993. On January 4th at the continued initial hearing, C.W. denied the allegations of his delinquency, and the court set the Denial Hearing for February 26, 1993.

On January 29, 1993, C.W. filed a motion asking the court to dismiss the charges and to discharge him as the Denial Hearing on February 26, 1993, violated the one year requirement of Crim.R. 4(C). The court denied C.W.'s motion, held an evidentiary hearing, and proceeded to adjudicate C.W. a delinquent.

### DISCUSSION AND DECISION

The Sixth Amendment to the Constitution of the United States guarantees to each accused person "the right to a speedy and public trial." Article 1, Section 12, of the Indiana Constitution provides that justice shall be administered "speedily and without delay." To implement these guarantees, establishing "a reasonable period in which an accused must be brought to trial," Indiana adopted Crim.R. 4. *State v. Moles* (1975), 166 Ind.App. 632, 646, 337 N.E.2d 543, 552.

Crim.R. 4(C) provides:

"Defendant Discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year

from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar...."

In addition, the Juvenile Code contains a speedy trial provision at Ind.Code 31–6–7–6(e): "A child may not be required to answer a petition alleging that he is a delinquent child for more than one year in aggregate." Like Crim.R. 4(C), any delays caused "by [the juvenile's] act" extend the time period. I.C. 31–6–7–6(i).

C.W. argues that inasmuch as "the time limit of CR 4(C) begins to run at the time the petition alleging delinquency is filed in a court with juvenile jurisdiction," *State ex rel. Hirt v. Marion Superior Court* (1983), Ind., 451 N.E.2d 308, 311, his motion for discharge should have been granted because no action had been taken by the prosecution within one year of the November 25, 1991 petition. While C.W. focuses his argument on Crim.R. 4 and our supreme court's indication that Crim.R. 4 applies to juvenile proceedings, we believe that the statute—I.C. 31–6–7–6—is controlling on the issue of speedy trial as to juvenile matters.

■ As indicated above, the statute provides that its speedy trial time periods are "extended" by the amount of any delay resulting from an act of the juvenile. I.C. 31–6–7–6(i). The State responds that C.W.'s signing of the informal adjustment contract and then failing to comply with its conditions was an act causing delay which is chargeable to C.W.; thus, "at least the six month period" covered by the contract is delay attributable to C.W. Appellee's brief at 3. We agree with the State.

Our supreme court has described a delay chargeable to a defendant as one "clearly for [his] benefit." *Gross v. State* (1972), 258 Ind. 46, 278 N.E.2d 583, 585. Here, we have a youth taking advantage of an opportunity authorized by statute, *see* Ind.Code 31–6–4–12, to participate in the informal adjustment program. The program itself exemplifies the statement that "[t]he nature of the juvenile process is rehabilitation and aid to the juvenile to direct his behavior so that he will not later become a criminal." *Jordan v. State* (1987), Ind., 512 N.E.2d 407, 408. As we noted in *Wardship of Nahrwold v. Dept. of Public Welfare* (1981), Ind.App., 427 N.E.2d 474, 481, consent to an informal adjustment program is optional and may be refused. Had C.W. chosen not to participate in informal adjustment, the State would have been required to proceed on its petition within the one year time frame.

"[T]he statutory scheme of dealing with minors is vastly different than that directed to an adult who commits a crime." *Jordan, supra* at 407. Informal adjustment offers youth an opportunity not offered to an adult. However, that opportunity has limits. According to the probation officer, when the contract with the youth is entered into "it is explained to them at that time that if it isn't completed that we will file the charges and they'll have to go to court." R. at 53.

As argued by the deputy prosecutor, to grant C.W.'s motion "would indicate to [those in C.W.'s position] that all they have to do is sign an informal adjustment contract that they do not intend to comply with," thereby causing a delay which will not be charged to them. R. at 70.

C.W.'s agreement to participate in the informal adjustment program and subsequent failure to fulfill its conditions account for a delay properly chargeable to him. Thus, the initial hearing was within the one year time frame prescribed. When a motion for discharge pursuant to Crim.R. 4 is made prematurely, it is properly denied. *Bell v. State* (1993), Ind., 610 N.E.2d 229, 232. The judgment of the trial court is affirmed.

CHEZEM and SULLIVAN, JJ., concur in result.