709 N.E.2d 352 (1999)
In re the Matter of G.B.
No. 49A02-9806-JV-555.
Court of Appeals of Indiana.
April 20, 1999.
Sarah L. Nagy, Indianapolis, Indiana, Attorney for Appellant.
Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
NAJAM, Judge.

STATEMENT OF THE CASE
The State charged G.B. with seven counts of child molesting if committed by an adult, two as class B felonies and five as class C *353 felonies. On March 13, 1998, G.B. entered into a plea agreement with the State in which he admitted to two counts of child molesting, one as a class B felony and one as a class C felony. In return, the State agreed to dismiss the remaining five counts. The plea agreement made "no recommendation" with respect to sentencing. However, the State did recommend that G.B. obtain sexual offender evaluation and counseling and that he be prohibited from unsupervised contact with his victims or any child under age fourteen.
At the dispositional hearing held on April 3, 1998, the trial court accepted the plea agreement and adjudicated G.B. a delinquent child pursuant to Indiana Code § 31-37-1-1.[1] In its dispositional decree, the court awarded guardianship of G.B. to the Department of Correction ("DOC"). The decree also stated that the court would hold an evidentiary hearing on May 22, 1998, to determine whether G.B. should be placed on Indiana's Sex Offender Registry (the "Registry"). During that hearing, the State introduced evidence that three additional complaints for child molesting had been filed against G.B. in 1996, two of which were found true. Based on the evidence, the trial court determined that G.B. was likely to be a repeat offender and ordered him to be placed on the Registry upon his release from the DOC. G.B. now appeals.

ISSUES
We address two of the three issues presented by G.B. on appeal.
1. Whether he meets the statutory definition of "offender" set forth in Indiana's Sex Offender Registration Act.
2. Whether the trial court violated the terms of G.B.'s plea agreement when it ordered him to be placed on the Registry upon his release from the DOC.[2]

DISCUSSION AND DECISION

Issue One: Statutory Definition of "Offender"
G.B. contends that he does not meet the statutory definition of "offender" set forth in Indiana Sex Offender Registration Act (the "Act") and, thus, that the trial court was not authorized to place G.B. on the Registry. See IND.CODE §§ 5-2-12-1 to X-X-XX-XX.
Indiana Code § 5-2-12-4(3) provides that a child is an "offender" if he: (1) is at least fourteen years of age; (2) is on probation, parole, or is discharged from a facility by the DOC as a result of an adjudication as a delinquent child for an act that would be a sex offense[3] if committed by an adult; and (3) is found by a court by clear and convincing evidence to be likely to repeat an act that would be a sex offense if committed by an adult. G.B. argues that he cannot be an "offender" because he is neither on probation or parole, nor has he been discharged from the DOC. We agree that when the trial court issued its dispositional order placing G.B. on the Registry, G.B. did not meet the statutory definition of "offender." Because G.B. has not yet been discharged from the DOC, the trial court's finding that G.B. is likely to be a repeat sex offender is premature.
Still, the State maintains that Section 5-2-12-4(3) is ambiguous regarding when a trial court may determine that a juvenile is an *354 "offender." The State also insists that the court properly ordered G.B. to be placed on the Registry because the required evidentiary hearing was held. The State reasons that if a juvenile is not ordered to register as a sex offender until after his release from the DOC, it does not matter when the court enters its order. While this rationale applies to adult sex offenders,[4] it does not apply here.
The statutory scheme for dealing with minors who commit crimes is vastly different from the statutory scheme directed to adults who commit crimes. C.W. v. State, 643 N.E.2d 915, 917 (Ind.Ct.App.1994). "American society [has] rejected treating juvenile law violators no differently from adult criminals in favor of individualized diagnosis and treatment." State ex rel. Camden v. Gibson Circuit Court, 640 N.E.2d 696, 697 (Ind. 1994). Therefore, it is the policy of this State to "ensure that children within the juvenile justice system are treated as persons in need of care, protection, treatment, and rehabilitation . . . ." IND.CODE § 31-10-2-1(5) (emphasis added); see also B.L. v. State, 688 N.E.2d 1311, 1314 (Ind.Ct.App. 1997) (the "[S]tate's primary interest [is] in the rehabilitation, rather than the punishment, of juvenile delinquents.") (emphasis added).
Consistent with the above-stated policy, the trial court may not order a juvenile to be placed on the Registry until after his release from detention. Upon the juvenile's release, the court must hold an evidentiary hearing to determine whether the juvenile is likely to be a repeat sex offender.[5] This statutory scheme helps insure that juveniles who have been rehabilitated by virtue of their detention are not required to register as a sex offender. Based on the foregoing, we reject the State's contention that it does not matter when the trial court issues its order placing a juvenile on the Registry.

Issue Two: Modification of Plea Agreement
G.B.'s plea agreement provided that the State would dismiss five of the counts against G.B. if he admitted the remaining two counts. The State made "no recommendation" as to G.B.'s sentence but did recommend that G.B. obtain sexual offender evaluation and counseling and have no unsupervised contact with his victims or any other child under age fourteen. Because the plea agreement made no reference to the Sex Offender Registry, G.B. now argues that the trial court violated the terms of the agreement when it ordered him to be placed on the Registry. We disagree.
Once a plea is accepted, a court is bound by all the terms in the plea agreement which are within its legal power to control. See Griffin v. State, 461 N.E.2d 1123, 1124 (Ind.1984) (emphasis added); see also IND. CODE § 35-35-3-3(e) ("If the court accepts a plea agreement, it shall be bound by its terms."). Under the Sex Offender Registration Act, an individual must be placed on the Registry if he or she meets the statutory definition of "offender." IND.CODE § 5-2-12-5. For instance, an adult is an offender if he has committed one of the sex crimes enumerated in the Act. IND.CODE § 5-2-12-4(1), (2). As the Act applies to juvenile sex offenders, the trial court has discretion only in deciding whether a juvenile is likely to be a repeat offender. If the evidence supports such a finding, then the juvenile must be placed on the Registry. IND.CODE § 5-2-12-4(3). The State may not enter into nor may the trial court accept a plea agreement that purports to alter or nullify operation of the Act, either implicitly or by its express terms. The fact that G.B.'s plea agreement did not specifically refer to the Registry is irrelevant; the trial court must place G.B. on the Registry if the evidence, at the time of his release, supports a finding that he is likely to be a repeat sex offender.[6]
*355 We also reject G.B.'s attempt to analogize this case to our holdings in Gipperich v. State, 658 N.E.2d 946 (Ind.Ct.App.1995), trans. denied, and Disney v. State, 441 N.E.2d 489 (Ind.Ct.App.1982) (restitution as condition of probation). In Gipperich, we held that the imposition of a fine is improper where the plea agreement contains a specific sentencing requirement but makes no mention of a fine. Gipperich, 658 N.E.2d at 949. Similarly, in Disney, we held that the trial court improperly ordered restitution as a condition of probation since the plea agreement was silent on the subject. Disney, 441 N.E.2d at 493. These holdings rest on the principle that a fine or restitution order constitutes an "additional penalty" and, thus, must be included within the terms of a plea agreement. See id. ("A condition of probation which imposes a substantial obligation of a punitive nature is indeed part of the sentence and penalty and must be specified in the plea agreement."). However, in Spencer v. O'Connor, 707 N.E.2d 1039 (Ind.Ct.App. 1999), we recently held that placement on the Registry does not constitute an additional penalty or punishment.
In Spencer, we were asked to determine whether the Sex Offender Registration Act sets forth a "punishment" that violates the prohibition against ex post facto laws if applied to defendants whose sex crimes were committed prior to its enactment.[7] In answering that question in the negative, we concluded that the legislature intended the Act to be more administrative than punitive in nature. For example, the Act appears in Title 5 of the Indiana Code, which governs state and local administration, rather than in Title 35, which contains the criminal code. Id. at 1043. We explained further:
[T]he overall design of the Act's provisions signifies a regulatory intent. Registration apprises law enforcement officials of basic information about an offender living in the area. It does not restrain the offender's movement; rather, the offender need only notify law enforcement officials of any change of address within seven days. . . . Further the information required of the offender is not burdensome. An offender need only provide the limited personal information. . . . Lastly, the offender's duty to register terminates ten years after he is released from prison, placed on parole, or placed on probation, whichever occurs last. . . . These provisions evidence an intent to monitor the whereabouts of the offender, not to punish the offender.

Id. at 1043 (emphasis added) (internal citations omitted). Finally, looking beyond the legislature's intent, we concluded in Spencer that placement on the Registry was not excessive or overly burdensome and, thus, did not rise to the level of punishment. Id. at 1044.
We hold that the Sex Offender Registration Act is mandatory and that a trial court must comply with the Act regardless of the terms of the defendant's plea agreement. Because placement on the Registry does not amount to an additional penalty, it need not be included within the agreement's sentencing *356 terms. In other words, a plea agreement has no effect on operation of the Act.

CONCLUSION
In sum, the trial court prematurely ordered G.B. to register as a sex offender. Under the Act, if the trial court is not satisfied that G.B. has been rehabilitated upon being discharged from the DOC, the court may modify its dispositional decree after an evidentiary hearing and place G.B. on the Sex Offender Registry. We also conclude that while the trial court acted prematurely, the court did not violate the terms of G.B.'s plea agreement when it placed him on the Registry. We remand this case to the trial court for further proceedings consistent with our opinion.
Affirmed in part, reversed in part and remanded with instructions.
SHARPNACK, C.J. and BAILEY, J., concur.
NOTES
[1] "A child is a delinquent child if, before becoming eighteen (18) years of age, the child commits a delinquent act described in this chapter." IND CODE § 31-37-1-1. A child commits a delinquent act if he commits an act that would be an offense if committed by an adult. IND.CODE §XX-XX-X-X.
[2] Although Issue One is dispositive, we address Issue Two because it is likely to reappear when G.B. is released from the DOC. G.B. raises a third issue: whether the trial court had jurisdiction over G.B. when it ordered him to be placed on the Registry. Specifically, G.B. argues that the court relinquished jurisdiction when it awarded guardianship to the DOC. That issue is rendered moot by our conclusion in Issue One since it contemplates that the trial court must reassert its jurisdiction, for purposes of the Sex Offender Registration Act, upon a juvenile's release from detention. See note 5, infra.
[3] Indiana Code §§ 5-2-12-4(1) and (2) list the offenses as rape, criminal deviate conduct, child molesting, child exploitation, vicarious sexual gratification, child solicitation, child seduction, sexual misconduct with a minor as a class A or B felony, incest, sexual battery, kidnaping if the victim is less than 18 years old, and criminal confinement if the victim is less than 18 years old.
[4] See IND.CODE § 5-2-12-4(1), (2) (1998) (stating that an adult shall register as a sex offender upon conviction of certain crimes).
[5] Indiana Code § 31-30-2-3 provides that a trial court may reinstate jurisdiction over a juvenile for the purpose of modifying its dispositional decree within thirty days of the juvenile's release from the DOC.
[6] The recent Indiana Supreme Court opinion in Freije v. State, 709 N.E.2d 323 (Ind.1999), is instructive. There, the Court was asked to determine whether the trial court had violated the terms of the defendant's plea agreement, which recommended that his sentence be suspended to probation, by ordering him to be placed on home detention and to perform 650 hours of community service. In reversing the trial court, the Court held that conditions of probation which impose a substantial obligation of a punitive nature, like home detention, cannot be ordered unless they were specified in the plea agreement or unless the agreement states that the trial court has the discretion to set the conditions of probation. Id. slip op. at 4-5, 709 N.E.2d at 324-325. However, the Court acknowledged:

Regardless of the language of a plea agreement, certain conditions must be imposed according to statute. [All probationers] convicted of sex offenses must register with local law enforcement. See [] § 35-38-2-2-2.2.
Id. slip op. at 5 n.2, 709 N.E.2d at 325. (emphasis added). Thus, in the context of probation, the trial court is required to order the sex "offender," as that term is defined, to register with law enforcement as a condition of probation, even if the plea agreement does not include that condition within its express terms.
[7] The Ex Post Facto Clause of both the United States and Indiana Constitutions prohibits the State from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Spencer, 707 N.E.2d at 1042 (quoting Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 21 (1981)).