724 N.E.2d 612 (2000)
K. J. P., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 79A02-9909-JV-659.
Court of Appeals of Indiana.
February 24, 2000.
*613 Susan K. Carpenter, Public Defender of Indiana, Amy Karozos, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.
Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Freeman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
FRIEDLANDER, Judge.
K.J.P. appeals the trial court's order directing him to register as a sex offender. He presents two restated issues:
1. Was the juvenile court's determination that K.J.P. is required to register as a sex offender premature and in conflict with the rehabilitative goals of the juvenile code, where K.J.P. had not completed a court-ordered counseling program at the time of the hearing and determination?
2. Is the order requiring K.J.P. to register as a sex offender supported by clear and convincing evidence that he is likely to repeat a sex offense?
We affirm.
In September 1998, the State filed a petition alleging that K.J.P. committed acts that, if committed by an adult, would be Attempted Criminal Deviate Conduct,[1] a class B felony, Attempted Child Molesting,[2] a class B felony, and Sexual Battery,[3] a class D felony. K.J.P. admitted the allegations of attempted criminal deviate conduct and sexual battery at a hearing in December 1998. The State dismissed the allegation of attempted child molesting. K.J.P. was fourteen years old when the acts occurred. K.J.P. was found to be a delinquent child. K.J.P. was ordered to serve five days of secure detention. He was then placed on probation.
The dispositional decree was based, inter alia, upon K.J.P.'s "successful completion of the SAFTIP Counseling Program, including attending all sessions and completing all recommendations as well as successful completion of the treatment contract and family treatment contract filed with the Court by SAFTIP...." Record at 27. The dispositional decree noted that the court would appoint a psychologist and schedule a hearing to determine whether K.J.P. was likely to commit repeat sex offenses requiring his placement on the Sex Offender Registry (the Registry). See Ind.Code Ann. § 5-2-12-1 to -13 (West Supp.1999) (Sex Offender Registration Act).
Two psychologists and a SAFTIP counselor testified at the hearing. The juvenile court concluded that K.J.P. met the definition of an offender.[4] The court ordered *614 K.J.P. to register. The court noted that K.J.P.'s duty to register would expire ten years after he was placed on probation.

1.
K.J.P. complains that the juvenile court erred by prematurely ordering him to register as a sex offender before he completed the court-ordered counseling program. K.J.P. alleges that the juvenile court erred because the rehabilitative goals of the juvenile code are not served by determining his status as a sex offender and requiring him to register before he could complete the counseling.
The Sex Offender Registration Act (the Act) requires an "offender" to register with local law enforcement authorities in the area where the offender resides. IC § 5-2-12-5. In pertinent part, an "offender" is defined as:
a child who:
(A) is at least fourteen (14) years of age;
(B) is on probation, is on parole, or is discharged from a facility by the department of correction as a result of an adjudication as a delinquent child for an act that would be an offense described in subdivision (1) or (2) [including criminal deviate conduct and sexual battery] if committed by an adult; and
(C) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subdivision (1) or (2) if committed by an adult;
IC § 5-2-12-4(3).
The statute requires the juvenile court to hold an evidentiary hearing to determine, by clear and convincing evidence, whether the juvenile is likely to be a repeat sex offender. In re G.B., 709 N.E.2d 352 (Ind.Ct.App.1999); see also Ind.Code Ann. § 31-37-19-5 (West Supp. 1999) (listing additional dispositional decrees for children adjudged delinquent and including a requirement to register for juveniles on probation who meet the criteria[5]). The Registry requirements are mandatory. In re G.B., 709 N.E.2d 352.
*615 K.J.P. relies upon In re G.B. for the proposition that the court prematurely held the hearing and determined that he met the definition for a juvenile offender before he could realize the full benefit of counseling. His reliance upon In re G.B. is misplaced. This court in In re G.B. determined that the juvenile court prematurely determined that the juvenile met the statutory definition of a sex offender. Id. We determined that because the juvenile in In re G.B. was not on probation or parole and was not yet discharged by the Department of Corrections, he did not meet the statutory "offender" definition regarding juveniles. Id. "Under the Sex Offender Registration Act, an individual must be placed on the Registry if he or she meets the statutory definition of `offender.' " Id. at 354. As required by the "offender" statute, K.J.P. had been released from detention and was placed on probation before the court made the determination. The court's determination was not premature.
The legislature did not provide for postponement of the determination based upon counseling. The legislature specifically provided that a child adjudicated a delinquent could be ordered to attend counseling. See IC § 31-37-19-5(2). The legislature also specifically provided that a juvenile on probation, who meets the other criteria, is an "offender". See IC § 5-2-12-4(3). An "offender shall register". IC § 5-2-12-5(a) (emphasis supplied).
K.J.P. argues that requiring him to register before he has completed counseling conflicts with the rehabilitative goals of the juvenile code. It is true that the State is primarily interested in the rehabilitation, rather than the punishment, of juvenile delinquents. In re G.B., 709 N.E.2d 352. While we have recognized the burdens that accompany registering, we have determined that they do "not rise to the level of punishment" and do not constitute an additional penalty. Id. at 355. We note also that the juvenile offender definition requires a finding, by clear and convincing evidence, that the child likely will be a repeat sex offender. Thus, the goal of the statute is not to label or penalize the child for past acts, but to provide protection for the public. The registration requirement does not conflict with the rehabilitative goals of the juvenile code.
Alternatively, K.J.P. argues that if he must register, the period for registration should be limited to the duration of his probation. K.J.P. argues that the trial court erroneously ordered his registration for the ten-year period required for "offenders". IC § 5-2-12-13(a) provides:
Except as provided in subsection (b), an offender's duty to register expires ten (10) years after the date the offender is released from prison or any other facility operated by the department of correction, placed on parole, or placed on probation, whichever occurs last.
The statute does not distinguish between juvenile and adult offenders. The ten-year registration period commences at the time an offender is placed on probation. The court correctly noted that K.J.P's duty to register would expire ten years after he was placed on probation.[6]

2.
K.J.P. contends that the order requiring him to register as a sex offender is not supported by clear and convincing evidence that he is likely to be a repeat sex offender.
The clear and convincing evidence standard requires a stricter degree of proof than a mere preponderance of the evidence. Estate of Reasor v. Putnam. County, 635 N.E.2d 153 (Ind.1994).
In ordinary civil actions a fact in issue is ... sufficiently proved by a preponderance of evidence. However, clear *616 and convincing proof is a standard frequently imposed in civil cases where the wisdom of experience has demonstrated the need for greater certainty, and where this high standard is required to sustain claims which have serious social consequences or harsh or far reaching effects on individuals to prove willful, wrongful and unlawful acts to justify an exceptional judicial remedy....
Id. at 159-60 (quoting Travelers Indent. Co. v. Armstrong, 442 N.E.2d 349, 360-61 (Ind.1982)).
Two psychologists and a SAFTIP counselor testified at the hearing. All of the expert witnesses interviewed K.J.P. and had access to materials from which they could render an opinion whether K.J.P. was likely to repeat a sex offense. Dr. Andrea Weiland opined that K.J.P. was at substantial risk for being a repeat offender. She believed that K.J.P. should be placed on the Registry. Dr. Laura Cowan testified that "if the opportunity presented itself he would be at high risk of taking advantage of that opportunity" to commit another offense. Record at 266. The SAFTIP counselor testified that the SAFTIP staff would prefer that K.J.P. not be placed on the Registry because of the possible impact on his motivation to continue treatment. The counselor also stated, "the need to protect the community and have him listed is important." Record at 255. She noted that if K.J.P. was unsupervised and young children were present "he could possibly re-offend." Record, at 262. The most telling portion of her testimony was, "[h]e has to be supervised not to re-offend." Record at 262.
The juvenile court's finding is supported by clear and convincing evidence that K.J.P. is likely to repeat a sex offense.
Judgment affirmed.
GARRARD, Sr.J., and DARDEN, J., concur.
NOTES
[1] Ind.Code Ann. § 35-41-5-1 (West 1998), and Ind.Code Ann. § 35-42-4-2 (West Supp. 1999).
[2] IC § 35-41-5-1, and IC § 35-42-4-3.
[3] IC § 35-42-4-8.
[4] The juvenile court makes some references to the "sexually violent predator" statute, Ind. Code Ann. § 5-2-12-4.5 (West Supp.1999); however, the evidence and the court's judgment are directed to a finding that K.J.P. is a sex offender. The distinction controls the reporting requirements. An "offender" must register for a ten-year period. IC § 5-2-12-13. A "sexually violent predator" must register for an indefinite period. Id.
[5] We note a discrepancy between the reference to the subsection for juvenile offenders in the statute that lists additional dispositional decrees and the subsection that defines juvenile offenders. IC § 31-37-19-5, added by P.L. 1-1997, Section 20, provides, in relevant part: "As a condition of probation under this subdivision, the court shall after a determination under IC 5-2-12-4(2) require a child who is adjudicated a delinquent child for an act that would be an offense described in IC 5-2-12-4(1) if committed by an adult to register with a local law enforcement authority under IC 5-2-12." Effective July 1, 1998, which is also the date the acts were alleged to have been committed by K.J.P., the statute defining "offenders" was amended. See P.L. 56-1998, Section 6. The amendment moved the juvenile offender definition from IC§ 5-2-12-4(2) to IC § 5-2-12-4(3), and added a new subsection (2) listing additional offenses requiring registration. It appears that the reference in the dispositional decree statute was not amended in 1998 to reflect the 1998 renumbering within the statute that defines offenders. For two reasons, we conclude that the error does not alter the registration requirements for juveniles.

First, the error does not affect the requirement that offenders register. IC § 5-2-12-4(3) defines juvenile offenders, and IC § 5-2-12-5 requires offenders to register. Second, statutes are construed such that "legislative intent will prevail over the literal import of the words." FGS Enterprises, Inc. v. Shimala, 625 N.E.2d 1226, 1228 (Ind.1993); see also Sales v. State, 723 N.E.2d 416 (Ind.2000) (when construing a statute, the legislative intent is ascertained from the statute as a whole, and not from the strict literal meaning of any word or term); Woerner v. City of Indianapolis, 242 Ind. 253, 177 N.E.2d 34 (Ind.1961) (courts construe statutes with an apparent defect or omission, which appears to be the result of a clerical error, to give effect to the statute and not produce an absurd result); State v. Doody, 556 N.E.2d 1357 n. 6 (Ind.Ct.App.1990) (refusing to construe a statute as literally written because to do so would obtain an unreasonable result). It is clear that, by mistake, the 1998 amendment to IC § 5-2-12-4, which renumbered the subsection regarding juvenile offenders was not reflected in the corresponding subsection within IC § 31-37-19-5, the dispositional decree statute. Thus, IC § 31-37-19-5 should be construed as referring to the juvenile offender subsection of the offender definition statute, IC § 5-2-12-4(3).
[6] It is apparent that the registration period expires in ten years even if the court had not so stated, or if the court had considered a different period. The statute is not discretionary.