837 N.E.2d 219 (2005)
A. O., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 32A04-0505-JV-270.
Court of Appeals of Indiana.
November 17, 2005.
*220 Jeffrey A. Baldwin, Baldwin & Dakich, Indianapolis, for Appellant.
Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

OPINION
MATHIAS, Judge.
A.O. was adjudicated a delinquent child in Hendricks Circuit Court and ordered to register with the Indiana Sex Offender Registry. He appeals, raising one issue: whether the State established by clear and convincing evidence that he is likely to repeat a sex offense. We reverse.

Facts and Procedural History
On January 31, 2005, the State filed a petition of delinquency alleging A.O. had committed two acts of child molesting if committed by an adult. A.O. admitted to one count of what would be child molesting if committed by an adult on March 8, 2005. The trial court conducted a dispositional hearing and ordered A.O. committed to the Muncie Juvenile Correctional Facility for thirty days and to register as a sex offender. At a review hearing on March 14, 2005, the trial court suspended the balance of A.O.'s commitment to the correctional facility, but left in place all other aspects of its dispositional order, including the requirement that A.O. register as a sex offender. A.O. now appeals.

Discussion and Decision
The Sex Offender Registration Act requires an offender to register with local law enforcement authorities in the area where the offender resides. Ind.Code ch. 5-2-12 (2002 & Supp.2004). In pertinent part, the statute defines an "offender" as:
a child who has committed a delinquent act and who:
(1) is at least fourteen (14) years of age;
(2) is on probation, is on parole, or is discharged from a facility by the department of correction, is discharged from a *221 secure private facility (as defined in [Indiana Code section] XX-X-X-XXX), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) if committed by an adult; and
(3) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.

Ind.Code § 5-2-12-4(b)(3) (Supp.2004) (emphasis added).
A.O. argues that the State failed to establish, by clear and convincing evidence, that he is likely to be a repeat sex offender, as required by Indiana Code section 5-2-12-4(3). See R.G. v. State, 793 N.E.2d 238, 240 (Ind.Ct.App.2003), trans. denied; K.J.P. v. State, 724 N.E.2d 612, 614 (Ind.Ct.App.2000), trans. denied (citing In re G.B., 709 N.E.2d 352 (Ind.Ct.App.1999)).
When judging the sufficiency of the evidence supporting a decision to place a juvenile on a sex offender registry, we neither reweigh the evidence nor judge the credibility of the witnesses. Rather, this court looks to the evidence and the reasonable inferences that can be drawn therefrom that support the juvenile court's decision, and we will affirm a juvenile court's decision to place a juvenile on a sex offender registry if evidence of probative value exists from which the juvenile court could find by clear and convincing evidence that the elements of Indiana Code section 5-2-12-4 have been met. Thus, we will affirm the decision to place a juvenile on a sex offender registry unless it may be concluded that no reasonable fact finder could find the elements of Indiana Code section 5-2-12-4 to have been proven by clear and convincing evidence.
R.G., 793 N.E.2d at 240.
A.O. argues that "no evidence was presented that would sustain the [] court's finding" that he would be likely to commit another sex offense. Br. of Appellant at 3. We agree. Our review of the transcript reveals that, at the dispositional hearing conducted on March 8, 2005, the deputy prosecutor argued to the trial court that A.O. be required to register as a sex offender. Tr. p. 10. In addition, the probation officer recommended that A.O. be required to register "based upon the statements of the [] prosecutor." Tr. p. 11. In turn, A.O. argued that the State "presented no evidence that he will re-offend" and therefore that he should not be required to register as a sex offender. Tr. p. 17.
At the conclusion of that hearing, the trial court ordered A.O. to register as a sex offender "because of the repetitive nature of this case shows the court that you are likely to [] commit [] this until you get this counseling straightened out." Tr. p. 22. At a review hearing held on March 14, 2005, the trial court suspended the balance of A.O.'s commitment, but was presented with no evidence regarding the likelihood that A.O. would commit another sex offense.
Initially, we note that this court has held that there must be an inquiry at a full evidentiary hearing before a juvenile may be placed on the sex offender registry. B.J.B. v. State, 805 N.E.2d 870, 873 (Ind.Ct.App.2004). Additionally, we have held that when a juvenile is placed in a secure facility, a sex offender registry hearing can only be conducted after the juvenile has been released from the facility. Id. at 873-74 (emphasis added) (citing G.B., 709 N.E.2d at 354; Ind.Code § 5-2-12-4(b)(2) (defining sex offender as including a juvenile *222 who has been discharged from a Department of Correction facility, secure private facility, or juvenile detention facility)). See also B.K.C. v. State, 781 N.E.2d 1157, 1169 (Ind.Ct.App.2003) ("a determination that a child offender should register as a sex and violent offender cannot be made as a part of the initial disposition following a true finding. . . . It may not be a part of the decree of disposition."). "`This statutory scheme helps insure that juveniles who have been rehabilitated by virtue of their detention are not required to register as a sex offender.'" Id. (quoting G.B., 709 N.E.2d at 354).
Here, at the dispositional hearing conducted on March 8, 2005, no expert witnesses testified regarding A.O.'s propensity to repeat a sex offense. More importantly, no evidentiary hearing was conducted after A.O.'s release from the Muncie Juvenile Correctional Facility. Even if we were to assume that the dispositional hearing met the evidentiary hearing requirement, under the facts and circumstances here, the State presented insufficient evidence to establish, under a clear and convincing standard of proof, that A.O. is likely to repeat a sex offense. Cf. M.L.H. v. State, 799 N.E.2d 1, 3 (Ind.Ct.App.2003), trans. denied, (finding sufficient evidence to support registry order where four experts testified that juvenile was at high risk to re-offend); R.G., 793 N.E.2d at 239-40 (noting expert opinion that juvenile had "demonstrated pedophilic interests" and was at high risk for recidivism); K.J.P. v. State, 724 N.E.2d 612, 616 (Ind.Ct.App.2000), trans. denied (finding testimony of two psychologists and a SAFTIP counselor sufficient to support registry requirement).
Reversed.
RILEY, J., concurs.
BAKER, J., concurs in result with opinion.
BAKER, Judge, concurring in result.
I concur with the majority's reversal because the State failed to establish by clear and convincing evidence that A.O. was likely to reoffend. But although I agree that the trial court erred in ordering A.O. to register as a sex offender, I disagree with the assertion that a full evidentiary hearing is required to be held only after he had been released from the facility.
Indiana Code section 5-2-12-4 defines "offender" for our purposes as follows:
(b) The term includes a child who has committed a delinquent act and who:
(1) is at least fourteen (14) years of age;
(2) is on probation, is on parole, is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC XX-X-X-XXX), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) if committed by an adult; and
(3) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.
I acknowledge that several cases from this court have interpreted this language to mean that the hearing can only be held after the juvenile is released. See B.J.B. v. State, 805 N.E.2d 870, 873 (Ind.Ct.App.2004); B.K.C. v. State, 781 N.E.2d 1157, 1169 (Ind.Ct.App.2003); In re G.B., 709 N.E.2d 352, 354 (Ind.Ct.App.1999). But as I read the statute, such is not the case. *223 The juvenile may not be labeled an offender for the purposes of the sex and violent offender registry until all three conditions are met, but the statute does not require that the conditions occur in the order in which they are listed. This would be the result if the hearing requirement said that the juvenile must be "found by a court by clear and convincing evidence after being released from a secure private facility" to be likely to reoffend. But I cannot read that requirement into the statute as it is written.
Had the court here held an evidentiary hearing at the dispositional phase and found clear and convincing evidence that A.O. was likely to reoffend, that would have been sufficient under my interpretation of the statute. A.O. would certainly be free to ask the trial court to revisit this finding after he was released from the facility if he so chose. But because no evidence was presented to the trial court whatsoever on this issue, I concur in the result reached by the majority.