STATE of Indiana, Appellant–Plaintiff,

v.

**K.H., a child alleged to be delinquent, Appellee–Defendant.**

No. 79A05–0605–JV–231.

Court of Appeals of Indiana.

Feb. 8, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Daniel J. Moore, Laszynski & Moore, Lafayette, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

K.H. was adjudicated to be a delinquent child for committing two acts of child molesting, which would be Class C felonies if committed by an adult. K.H. was placed

on the sex offender registry as a result of those acts. He later filed a petition to have his delinquency adjudication expunged and also requested removal from the sex offender registry. The trial court denied his request to expunge his record, but ordered K.H. removed from the sex offender registry. The State appeals and argues that K.H. waived this argument by agreeing to be placed on the sex offender registry during the delinquency proceedings. Concluding that K.H.'s removal from the sex offender registry was appropriate, we affirm.

### Facts and Procedural History

On August 29, 2001, the State filed a petition against K.H., then age fifteen, alleging that K.H. had committed two acts of child molesting, which would be Class C felonies if committed by an adult. At a hearing held on February 21, 2002, as part of a plea agreement, K.H. admitted to the allegations set forth in the petition. The following exchange occurred at the hearing concerning the conditions of K.H.'s probation and his placement on the sex offender registry:

> COUNSEL FOR K.H.: You understand that you will be required because of these offenses to register for a period of 10 years on the Indiana Sexual Offender Registry?
>
> K.H.: Yes.

Tr. p. 12. The trial court ordered K.H. to be placed on the sex offender registry for ten years and noted that K.H. "agreed to that." *Id.* p. 16. On March 14, 2002, a final disposition hearing was held and K.H. was ordered to serve seven days in secure detention. At a review hearing held on October 21, 2003, the court noted that K.H. successfully completed the SAFTIP program,[1] and he was discharged from proba-

---

1. SAFTIP is an acronym for the Sexual Abuse Family Treatment Intervention Program.

tion.[2]

On January 5, 2006, K.H. filed a petition for expungement of his delinquency adjudication. In the petition, K.H. alleged that "undue media attention ... has made it difficult for him to proceed as a normal member of the community." Appellant's App. p. 21. At a hearing held on March 23, 2006, K.H.'s probation officer recommended that K.H. be removed from the sex offender registry, but that his delinquency adjudication should not be expunged. Tr. pp. 101–02. K.H. made the following statements at the hearing:

It's not that I want to expunge the record, the fact is that I know what I did is wrong; I'm not trying to erase what I've done, but my main concern is getting it off the registry, that is my main concern.

Tr. p. 110. The State argued that K.H. should remain on the registry because he agreed to be placed on the registry as a condition of his probation.

On March 27, 2006, the trial court issued an order denying K.H.'s petition for expungement, but granting his request to be removed from the sex offender registry. The State filed a motion to correct error, which the court denied. The State now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

Initially, we call to mind the purpose behind our juvenile justice system and its treatment of juvenile sex offenders. Our General Assembly has declared that it is the policy of this State and the purpose of our juvenile code to "ensure that children within the juvenile justice system are treated as persons in need of care, protection, treatment, and rehabilitation." Ind. Code § 31–10–2–1(5) (1998). Therefore,

[t]he statutory scheme for dealing with minors who commit crimes is vastly different from the statutory scheme directed to adults who commit crimes. "American society [has] rejected treating juvenile law violators no differently from adult criminals in favor of individualized diagnosis and treatment."

*B.J.B. v. State,* 805 N.E.2d 870, 873 (Ind. Ct.App.2004) (quoting *In re G.B.,* 709 N.E.2d 352, 354 (Ind.Ct.App.1999) (internal citations omitted)). Moreover, a juvenile court has wide latitude and great flexibility in dealing with juveniles, which is consistent with its goal of rehabilitation rather than punishment. *D.S. v. State,* 829 N.E.2d 1081, 1085 (Ind.Ct.App.2005).

Next, we observe that before a juvenile who has been adjudicated delinquent for committing a sex offense may be ordered to publicly register as a sex offender, a court must find by clear and convincing evidence that the juvenile is likely to commit another sex offense. Ind. Code § 11–8–8–5(b)(2)(C) (Supp.2006).[3] Consequently, an evidentiary hearing is required before a juvenile may be ordered to register as a sex offender. *See In re G.B.,* 709 N.E.2d at 354. When a juvenile is placed in a secure facility, a sex offender registry hearing can only be conducted after the juvenile has been released from the facility. *Id. See also B.K.C. v. State,* 781 N.E.2d 1157, 1169 (Ind.Ct.App.2003) ("As we have held, a determination that a child offender should register as a sex and violent offender cannot be made as a part

---

**2.** At this hearing, the court also stated that SAFTIP was not recommending that K.H. be placed on the sex offender registry and apparently did not recall its previous order placing K.H. on the registry. *See* tr. p. 90 ("And is SAFTIP recommending that he go on the Sexual Offender Registry? No? That's a real plus. You know what that is and that follows you so good for you.")

**3.** Formerly Ind.Code § 5–2–12–4(b)(3).

of the initial disposition following a true finding. It may not be a part of the decree of disposition.")

"This statutory scheme helps insure that juveniles who have been rehabilitated by virtue of their detention are not required to register as a sex offender." *In re G.B.*, 709 N.E.2d at 354. "Thus, the focus of inquiry, with respect to a juvenile who has been released from a secure facility, is whether the treatment received in that facility has resulted in the juvenile's rehabilitation. If that is the case, there cannot be clear and convincing evidence that the juvenile is likely to re-offend and the juvenile cannot be placed on the sex offender registry." *B.J.B.*, 805 N.E.2d at 874.

From the record, it is clear that the trial court failed to hold an evidentiary hearing before ordering K.H. to register as a sex offender, failed to find by clear and convincing evidence that he was likely to commit another sex offense, and ordered K.H. to register before he was placed in and released from secure detention.

Nevertheless, the State contends that the "trial court acted outside its authority when it modified [K.H.'s] disposition that was imposed pursuant to the agreement of the State and Juvenile." Br. of Appellant at 4. In support of this argument, the State cites the general principle that plea agreements are " 'contractual in nature, binding the defendant, the state and the trial court. . . . If the court accepts a plea agreement, it shall be bound by its terms.' " *Id.* at 5 (quoting *Lee v. State*, 816 N.E.2d 35, 38 (Ind.2004)). *See also* Ind.Code § 35–35–3–3(e) (2004).

■ First, we note that K.H.'s agreement with the State was not reduced to writing. However, the following exchange concerning the conditions of K.H.'s probation and his placement on the sex offender registry supports the State's assertion that K.H. agreed to be placed on the registry:

COUNSEL FOR K.H.: You understand that you will be required because of these offenses to register for a period of 10 years on the Indiana Sexual Offender Registry?

K.H.: Yes.

Tr. p. 12. The trial court then ordered K.H. to be placed on the sex offender registry for ten years and noted that K.H. "agreed to that." *Id.* p. 16. However, there is nothing in the record that leads us to conclude that K.H. was ever informed of the requirements of an evidentiary hearing and finding by clear and convincing evidence that he was likely to commit another sex offense before K.H. could be placed on the sex offender registry. In the face of such a lack of information on the record, we cannot say that K.H. had the requisite level of knowledge to support a waiver of his rights in this regard.

Our court has previously held that when a juvenile agrees to pay restitution as part of a plea agreement, the juvenile court must still inquire into the juvenile's ability to pay restitution before ordering restitution as a condition of probation. *See M.L. v. State*, 838 N.E.2d 525, 529 (Ind.Ct.App. 2005), *trans. denied* (rejecting the State's argument that M.L. waived his right to such an inquiry by agreeing to pay restitution and by entering into a plea agreement that left the amount of restitution to the discretion of the juvenile court).

■ While we do not dispute the State's assertion that K.H. agreed to be placed on the registry, K.H. did so without knowledge of the procedures a juvenile court must follow under Indiana Code section 11–8–8–5(b). Moreover, the trial court's acceptance of K.H.'s agreement to be placed on the registry without the required determination that K.H. is likely to commit another sex offense is not consistent with the juvenile code's stated goal of rehabili-

tation. This is particularly true under the facts and circumstances that are presented in this appeal.

At the review hearings held in this case, K.H. received favorable reports from his probation officer. *See e.g.* tr. p. 78 (K.H. "is really one of the most responsible juveniles that I have on probation.... He's doing very well."); tr. p. 82 (K.H. "has done great on probation. He is very compliant; very responsible. He has complied with every request that we've made."). At the August 12, 2003, review hearing, the juvenile court stated, "we'll need a finding that with regard to the Sexual Offender Registry that he does not need to be placed on that." *Id.* p. 83. After determining that K.H. was already placed on the registry, the court indicated that it would "do whatever I can to get him back off." *Id.* p. 84. At K.H.'s final review hearing, the court noted that SAFTIP was not recommending that K.H. be placed on the sex offender registry. *Id.* p. 90. However, K.H. remained on the registry even though the record clearly indicates that the juvenile court did not intend for him to do so after his successful completion of probation.

Under these facts and circumstances, we are not persuaded by the State's argument that K.H. waived his claim concerning removal from the sex offender registry. Importantly, K.H. was not informed of the procedural requirements under Indiana Code section 11–8–8–5(b) for placement of a juvenile on the sex offender registry, and the trial court did not make the required finding that K.H. would likely commit another sex offense. Moreover, from the record it is clear that after K.H.'s successful completion of the SAFTIP program, neither the trial court

nor K.H.'s probation officer believed that K.H. should be placed on the sex offender registry. Accordingly, we conclude that the trial court appropriately ordered K.H. removed from the sex offender registry.[4]

Affirmed.

NAJAM, J., and MAY, J., concur.

---

4. Given the record in this case demonstrating K.H.'s rehabilitation, we also reject the State's argument that K.H. "presented no satisfactory reason to be removed" from the sex offender registry. *See* Br. of Appellant at 8.