885 N.E.2d 93 (2008)
R.E.I., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 71A05-0712-JV-700.
Court of Appeals of Indiana.
May 7, 2008.
*94 Mark F. James, Anderson, Agostino & Keller, P.C., South Bend, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
BAKER, Chief Judge.
Appellant-respondent R.E.I. appeals the juvenile court's order requiring him to register as a sex offender. Specifically, R.E.I. argues that (1) the juvenile court did not have jurisdiction over him because it did not file a motion to reinstate jurisdiction after he was released from the Department of Correction (DOC), and (2) he was twenty-one years old when the evidentiary hearing was held and the order was issued. Finding no error, we affirm the judgment of the juvenile court.

FACTS
On April 2, 2002, the State alleged then-fifteen-year-old R.E.I. to be a delinquent child for committing three acts of what would be class B felony child molesting if committed by an adult. R.E.I. admitted to the allegations on April 13, 2002, and the juvenile court ordered him a ward of the DOC on May 21, 2002, to be followed by probation. The DOC discharged R.E.I. on August 9, 2004, and placed him on formal probation.
*95 On December 29, 2005, and March 31, 2006, the State filed petitions to register R.E.I. as a sex offender. At a hearing on May 17, 2006, the parties agreed that R.E.I. would submit to a psychological evaluation. The juvenile court continued the matter at R.E.I.'s request on August 15, 2006. On October 3, 2006, the juvenile court held a hearing and R.E.I. objected to the court's jurisdiction, arguing that jurisdiction had not been reinstated after he had been released from the DOC. The juvenile court issued an order on October 6, 2006, finding that it had jurisdiction and setting the matter for an evidentiary hearing.
R.E.I. failed to appear for evidentiary hearings on March 7 and March 14, 2007. On June 20, 2007, R.E.I. appeared for a hearing but again objected to the court's jurisdiction, arguing that it lacked jurisdiction because he had turned twenty-one years old on April 1, 2007. His objection was overruled and R.E.I. sought an interlocutory appeal, which we denied. The juvenile court conducted an evidentiary hearing on October 30, 2007, and issued findings of fact on November 1, 2007, ordering R.E.I. to register as a sex offender. R.E.I. now appeals.

DISCUSSION AND DECISION
R.E.I. argues that the juvenile court did not have jurisdiction to order him to register as a sex offender. Specifically, he argues that the juvenile court improperly reinstated jurisdiction after he was released from the DOC and, alternatively, that it did not have jurisdiction because he was twenty-one years old when the evidentiary hearing was held and the order was issued.

I. Reinstating Jurisdiction
Indiana Code section 31-30-2-1 provides that a juvenile court has jurisdiction over a delinquent child until the child becomes twenty-one years of age or guardianship of the child is awarded to the DOC. The DOC must notify the juvenile court at least ten days before the child is released from its guardianship. I.C. § 31-30-2-2. Within thirty days of that notification, the juvenile court may, on its own motion, reinstate jurisdiction over the child "for the purpose of modifying . . . the court's original dispositional decree." I.C. § 31-30-2-3.
R.E.I. was released from the DOC on August 9, 2004. He argues that because the juvenile court did not file a motion to reinstate jurisdiction pursuant to Indiana Code section 31-30-2-3, it did not have jurisdiction to order him to register as a sex offender. However, it is undisputed that the State filed the petitions to register R.E.I. as a sex offender while he was on probation. We have previously held that a juvenile court has jurisdiction over a child "not only as adjudicator of legal responsibility but also as administrator of probation. . . ." P.G. v. State, 669 N.E.2d 443, 445 (Ind.Ct.App.1996) (emphasis added). Because R.E.I. was on probation, the juvenile court had jurisdiction.
Moreover, the motion to reinstate jurisdiction required by Indiana Code section 31-30-2-3 is to be used "for the purpose of modifying . . . the court's original dispositional decree." The juvenile court was not modifying R.E.I.'s original dispositional decree. Instead, it was addressing the State's motions that R.E.I. be placed on the sex offender registry.
Finally, a juvenile is not a "sex offender" within the definition provided by the Sex Offender Registration chapter of the Indiana Code unless he is
a child who has committed a delinquent act and who:
(A) is at least fourteen (14) years of age;

*96 (B) is on probation, is on parole, is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC XX-X-X-XXX), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) if committed by an adult; and
(C) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.
Ind.Code § 11-8-8-5 (emphasis added). Pursuant to this statute, the State could not initiate sex offender registration proceedings until R.E.I. was "discharged from a facility by the [DOC]" because he could not be considered a "sex offender" until that time. Id. (emphasis added).
We have previously held that a juvenile court "may not order a juvenile to be placed on the [sex offender registry] until after his release from detention[,]" In re G.B., 709 N.E.2d 352, 354 (Ind.Ct.App. 1999), and "an evidentiary hearing is required before a juvenile may be ordered to register as a sex offender[,]" State v. K.H., 860 N.E.2d 1284, 1286 (Ind.Ct.App.2007). "This statutory scheme helps insure that juveniles who have been rehabilitated by virtue of their detention are not required to register as a sex offender." K.H., 860 N.E.2d at 1287. Thus, we conclude that the juvenile court had jurisdiction because R.E.I. could not be ordered to register as a sex offender until the juvenile court held the required evidentiary hearing after his discharge from the DOC.

II. Age
R.E.I. also argues that the juvenile court did not have jurisdiction to order him to register as a sex offender because he had reached the age of twenty-one. Specifically, R.E.I. turned twenty-one years old on April 1, 2007, and the juvenile court conducted an evidentiary hearing and entered its order on October 30, 2007, and November 1, 2007, respectively.
The State initiated the sex offender registry determination proceedings when R.E.I. was nineteen years old and on probation after being discharged from the DOC. As we have already held, the juvenile court had jurisdiction at that time. R.E.I. requested and received a continuance before the originally scheduled hearing and raised the previously addressed jurisdictional argument. After requesting and receiving another continuance, R.E.I. failed to appear for two evidentiary hearings scheduled during March 2007one month before his twenty-first birthday. When R.E.I. objected to the juvenile court's jurisdiction in June 2007, the juvenile court found that "by his own conduct, [R.E.I.] has prevented the Court from hearing a timely determination on the State's request and the Court finds that the jurisdiction is necessary to be exercised. . . ." Tr. p. 6.
We agree with the juvenile court that it retained jurisdiction over R.E.I. to conduct the evidentiary hearing and issue the order because, by R.E.I.'s own conduct, he failed to appear for the March 2007 evidentiary hearings and intentionally delayed the proceedings past his twenty-first birthday. R.E.I.'s attempt to game the system by failing to appear for the scheduled hearings in an effort to challenge the juvenile court's jurisdiction is a clear "gotcha" technique that we will not reward.[1] *97 Thus, we conclude that the juvenile court had jurisdiction over R.E.I. when it held the evidentiary hearing and issued the sex offender registry order because R.E.I.'s own conduct thwarted the juvenile court's attempts to complete the required proceedings before his twenty-first birthday.
The judgment of the juvenile court is affirmed.
RILEY, J., and ROBB, J., concur.
NOTES
[1] Likewise, we do not find R.E.I.'s argument that the trial court should have held the hearings in absentia to be persuasive. As the State notes, had the juvenile court held the hearings in absentia, R.E.I. would likely contend that his due process rights had been violated.