v.

STATE of Indiana, Appellee–Petitioner.

No. 49A02–0303–JV–247.

Court of Appeals of Indiana.

Oct. 8, 2003.

Publication Ordered Nov. 20, 2003.

Transfer Denied Feb. 19, 2004.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-respondent M.L.H. appeals the juvenile court's order directing him to register on the Indiana Sex Offender Registry. We affirm.

### Issue

M.L.H. raises one issue for review, which we restate as whether the State established by clear and convincing evidence that he is likely to repeat a sex offense.

### Facts and Procedural History

On October 10, 2000, the State filed a petition of delinquency alleging that M.L.H. committed four acts of child mo-

lesting,[1] three of which would be Class B felonies and one of which would be a Class C felony if committed by an adult. On December 13, 2000, M.L.H. pleaded guilty to one count of child molesting, a Class B felony if committed by an adult. The State dismissed the remaining charges. On January 11, 2001, the juvenile court placed M.L.H. on probation with the condition that he successfully complete a program at Resolute, a treatment center for sex offenders.

M.L.H. completed the fifteen-month program at Resolute, but the staff deemed him at high risk to reoffend during the majority of his residency. Resolute social worker April Wilson regularly noted in her monthly progress reports to the court M.L.H.'s inability to empathize with his victims and his failure to accept responsibility for his sexual transgressions. Appellant's App. at 67, 72, 79, 97, 105, 115. In February 2002, thirteen months into M.L.H.'s treatment, Resolute clinician Lindsey Lund recommended that M.L.H. be discharged to a group home rather than be allowed to return home because of his failure to demonstrate remorse and empathy; she referred to his progress in individual therapy as "plagued by superficiality." *Id.* at 90, 92. Lund characterized M.L.H. as at "high risk to reoffend due to his lack of internalization of knowledge gained." *Id.* at 89.

On April 5, 2002, the juvenile court ordered M.L.H. released from Resolute and placed in the Success Group Home. A June 2002 progress report by Success Group Home therapist Debra Gray described M.L.H. as struggling "with internalizing what he has learned and applying it consistently to his thought processes and behaviors" and as having "a tendency toward minimizing and shifting the blame for things to forces outside of himself...." *Id.*

at 121. M.L.H. remained at Success Group Home until November 2002, when the juvenile court ordered him transferred to transitional living as part of his probation. *Id.* at 137.

On August 30, 2001, the State filed a motion for hearing pursuant to Indiana Code Section 5-2-12-5 for the juvenile court to determine whether seventeen-year-old M.L.H. was an "offender" for purposes of mandatory registration on the Indiana Sex Offender Registry. At a hearing on January 13, 2003, Dr. Dovid Ofstein, a Resolute therapist and director of treatment services and community relations, testified regarding his assessment of M.L.H. Specifically, Dr. Ofstein identified four risk factors associated with repeat offenders: lack of empathy and remorse, failure to fully accept responsibility and accountability, failure to demonstrate safe behaviors, and lack of a support group or network. Tr. at 8. Dr. Ofstein stated that M.L.H. displayed minimal empathy and had not demonstrated the he was intellectually and emotionally aware of the impact of his behaviors on others. *Id.* at 9. Dr. Ofstein also testified that M.L.H. possessed characteristics of pedophilia. *Id.* Dr. Ofstein opined that because M.L.H. possessed inclinations to lapse into previous patterns of behavior, he was at high risk to re-offend. *Id.* at 14.

On February 20, 2003, the juvenile court determined that there was clear and convincing evidence that M.L.H. was likely to repeat an act that would be a sex offense if committed by an adult. Appellant's App. at 145. The court concluded that M.L.H. met the statutory definition of "offender" under Indiana Code Section 5-2-12-4, granted the State's petition, and directed him to register on the Indiana Sex Offender Registry. *Id.* M.L.H. now appeals.

---

1. Ind.Code § 35-42-4-3.

## Discussion and Decision

The Sex Offender Registration Act requires an offender to register with local law enforcement authorities in the area where the offender resides. Ind.Code § 5–2–12–5. Indiana Code Section 5–2–12–4(b) defines "offender" as:

a child who has committed a delinquent act and who:

(1) is at least fourteen (14) years of age;

(2) is on probation, is on parole, or is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC 31–9–2–115), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) [2] if committed by and adult; and

(3) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.

██ Indiana Code Section 5–2–12–4(b) "[r]equires the juvenile court to hold an evidentiary hearing to determine, by clear and convincing evidence, whether the juvenile is likely to be a repeat sex offender." *K.J.P. v. State*, 724 N.E.2d 612, 614 (Ind.Ct.App.2000), *trans. denied.* "The clear and convincing evidence standard requires a stricter degree of proof than a mere preponderance of the evidence." *Id.* at 615.

In *R.G. v. State*, 793 N.E.2d 238 (Ind.Ct. App.2003), we recently defined the standard of review for sufficiency of the evidence supporting a decision to place a juvenile on a sex offender registry. The standard of review is the same standard regularly applied to sufficiency cases. *Id.* at 240 n. 2. "When judging the sufficiency of the evidence supporting a decision to place a juvenile on a sex offender registry, we neither reweigh the evidence nor judge the credibility of witnesses." *Id.* at 240. "Rather, this court looks to the evidence and the reasonable inferences that can be drawn therefrom that support the juvenile court's decision, and we will affirm a juvenile court's decision to place a juvenile on a sex offender registry if evidence of probative value exists from which the juvenile court could find by clear and convincing evidence that the elements of Indiana Code section 5–2–12–4 have been met." *Id.*

██ Here, Hill, Lund, and Gray described M.L.H. as plagued both with an inability to empathize with his victims and with failure to take responsibility for his actions. Moreover, all three clinicians concluded that M.L.H. remained at high risk to reoffend. Also, Dr. Ofstein opined that because M.L.H. possessed a high risk for recidivism, he remained at high risk of reoffending. Tr. at 14. In sum, the State established by clear and convincing evidence that M.L.H. is likely to repeat an act that would be a sex offense under Indiana Code Section 5–2–12–4(a). Consequently, we affirm the juvenile court's order directing M.L.H. to register on the Indiana Sex Offender Registry.

Affirmed.

SHARPNACK, J., concurs.

BAKER, J., dissents with opinion.

2. These offenses include rape, criminal deviate conduct, child molesting, child exploitation, vicarious sexual gratification, child solicitation, child seduction, sexual misconduct with a minor, incest, sexual battery, and kidnapping and criminal confinement if the victim is less than eighteen years of age. Ind. Code § 5–2–12–4(a).

BAKER, Judge, dissenting.

I respectfully dissent from the majority's holding that there is clear and convincing evidence that M.L.H. is likely to repeat an act that would be a sex offense if committed by an adult. In my view, a juvenile should not be deemed an offender simply because he is not "hangdog" enough for the court.

In determining whether M.L.H. was likely to repeat, the trial court looked to Dr. Ofstein's four risk factors: (1) a lack of empathy and remorse, (2) failure to fully accept responsibility and accountability, (3) failure to demonstrate safe behaviors, and (4) lack of a support group or network. Tr. at 8. While the majority correctly states that Dr. Ofstein testified that M.L.H. displayed minimal empathy, Dr. Ofstein also conceded that it is very difficult to measure the level of empathy one exhibits. Tr. p. 17.

None of the other risk factors is demonstrably present. M.L.H. showed that he accepted responsibility for his actions by regularly participating in and successfully completing fifteen months of treatment and by complying with all the conditions of his probation for the two-year period between the disposition hearing and the registry hearing at issue here. Tr. p. 30, Appellant's App. p. 131. Moreover, probation officer Rochelle Pritchard wrote in her Review Summary of M.L.H's case that any failure by M.L.H. to internalize his therapy is explained, in part, by Michael's "prior therapist who did not push [him] to evaluate his sexual issues." Appellant's App. p. 128. Additionally, Dr. Ofstein agreed that there was "no indication at all about failure to demonstrate safe behaviors" because M.L.H. had not acted out sexually while in treatment or in the months following treatment. Tr. p. 20. Finally, M.L.H. did not suffer from limited social involvement, which is characteristic of many who commit sexual offenses according to Dr. Ofstein. Tr. p. 19–20.

Additionally, Dr. Ofstein testified that the percentage of sex offenders who re-offend is approximately 13%, but that this average is lower for incest offenders, as is the case here. Tr. p. 8. Considering that such a small percentage of people in this situation re-offend and that the court's decision is almost entirely based on minimal empathy, which is difficult to measure, I cannot agree with the majority's conclusion that the evidence is clear and convincing that M.L.H will re-offend. I would therefore vacate the trial court's order that he register as a sex offender.

## ORDER

The Appellant, by counsel, has filed a Motion to Publish, seeking an order to publish the October 8, 2003 Memorandum Decision pursuant to Appellate Rule 65, for the reason that the dissenting opinion clarifies the proper scope of appellate review of challenges to the sufficiency of evidence for juvenile sex registry claims, implicitly criticizes the existing law on the subject and involves an issue of significant public importance.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED, and this Court's opinion handed down on October 8, 2003, marked Memorandum Decision, Not for Publication, is now ORDERED published.

All Panel Judges concur.