## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2016, 8:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.D.M., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | May 24, 2016 <br><br> Court of Appeals Case No. 21A01-1510-JV-1804 <br><br> Appeal from the Fayette Circuit Court <br><br> The Honorable Beth A. Butsch, Judge <br><br> Trial Court Cause No. 21C01-1209-JD-257 |

**Najam, Judge.**

# Statement of the Case

J.D.M. appeals the juvenile court's order that he register as a sex offender. J.D.M. raises a single issue for our review, namely, whether the juvenile court's order is clearly erroneous. We affirm.

# Facts and Procedural History

On January 16, 2013, the juvenile court adjudicated J.D.M. a delinquent based on his admission that he had committed an act of child molesting that would have been a Class C felony if committed by an adult. As a result, the court ordered J.D.M. to be placed in the Wernle Youth and Family Treatment Center ("Wernle"). The court ordered the local probation department to be responsible for the care and placement of J.D.M. and to file a report every three months updating the court on J.D.M.'s treatment progress.

Over approximately the next year and one-half, the court continued J.D.M.'s placement through several review hearings. Thereafter, the State filed a motion with the trial court to order J.D.M. to register as a sex offender. The court held a hearing on the State's motion on August 11, 2015, at which the State presented evidence that J.D.M. was likely to reoffend.

On September 8, the court ordered J.D.M. to register as a sex offender. In its order, the court found as follows:

> 6. At the hearing, Dr. [David] Soper[, Clinical Director of Wernle,] testified that both the ERASOR and Static-99 psychosexual assessments were administered to [J.D.M.] He

scored at a moderate risk to reoffend on both assessments, after nearly 3 years in residential treatment.

7.      Dr. Soper further testified that [J.D.M.] cannot function in a regular school setting; has been removed from school 2-3 times; is addicted to pornography and has accessed pornographic websites at school; is not able to interact or socialize with students his own age[;] and is not socially competent.

8.      Dr. Soper and Mr. [Stanley] Thomas[, Clinical Case Manager for J.D.M. at Wernle,] testified that[,] on December 15, 2014, [J.D.M.] was moved to a semi-transitional unit at Wernle to enable him to develop independent living skills.  On April 23, 2015, [J.D.M.] had to be moved back to a regular residential unit due to his failure to adjust and lack of initiation and developing independent living skills.

9.      To date, after nearly 3 years of treatment, both Dr. Soper and [J.D.M.'s] case manager testified that they recommend a detailed safety plan, continued treatment[,] and placement in a supervised group home.

10.     On April 15, 2015, before he was removed from school, [J.D.M.] wrote an inappropriate letter to an age[-]inappropriate middle[-]school student.

11.     [J.D.M.] regularly viewed what is considered "abnormal" pornography, considered deviant in nature.

12.     Due to the foregoing the Court finds, by clear and convincing evidence, that [J.D.M.] is likely to repeat an act that would be a sex offense if committed by an adult.

Appellant's App. at 218. Shortly thereafter, on September 30 the court held a "review hearing" in order to "go over the sex offender conditions of probation" required by the court's September 8 order. Tr. at 151. At that hearing, the court, for the first time, explained to J.D.M. the conditions of J.D.M.'s probation, which included specific details regarding his registration with local law enforcement as a sex offender. *See* Appellant's App. at 5. This appeal ensued.[1]

## Discussion and Decision

[5]     J.D.M. appeals the trial court's order that he register as a sex offender. We review the trial court's order for a juvenile to register as a sex offender for clear and convincing evidence. *M.L.H. v. State*, 799 N.E.2d 1, 3 (Ind. Ct. App. 2003), *trans. denied*. "The standard of review is the same standard regularly applied to sufficiency cases." *Id.* When judging the sufficiency of the evidence supporting a decision to place a juvenile on a sex offender registry, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Rather, this court looks to the evidence and the reasonable inferences that can be drawn therefrom that support the juvenile court's decision, and we will affirm a juvenile court's decision to place a juvenile on a sex offender registry if evidence of probative

---

[1] J.D.M. filed his notice of appeal on October 30, 2015. On cross-appeal, the State asserts that J.D.M. did not timely file his notice of appeal, and, as such, his appeal is forfeited. We reject the State's cross-appeal and consider this appeal on its merits. We also reject J.D.M.'s assertion in his Reply Brief that the State has failed to respond to his arguments on appeal.

value exists from which the juvenile court could find by clear and convincing evidence that the elements of Indiana Code Section 11-8-8-5 have been met. *Id.*

[6] Here, J.D.M. asserts that Section 11-8-8-5, which defines a "sex or violent offender" for purposes of determining who may register, does not apply to him. Section 11-8-8-5(b)(2) provides that a sex offender includes a child who has committed a delinquent act and who:

> (A) is at least fourteen (14) years of age;
>
> (B) is on probation, is on parole, is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC 31-9-2-115), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) if committed by an adult; and
>
> (C) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.

Ind. Code § 11-8-8-5 (2012). According to J.D.M., Section 11-8-8-5 does not apply to him for two reasons. First, J.D.M. asserts that he has not been placed on probation or parole, and he has not been discharged from one of the facilities listed under subsection (b)(2)(B). Second, J.D.M. asserts that the State failed to present clear and convincing evidence that he is likely to reoffend, as required under subsection (b)(2)(C). We address each argument in turn.

[7]     We first address J.D.M.'s argument that he has not been placed on probation. This is incorrect. Upon his adjudication as a delinquent, the juvenile court ordered "the probation department of Fayette County" to be "responsib[le] for the placement and care" of J.D.M., although the court ordered J.D.M. to be placed at Wernle. Appellant's App. at 110. And throughout J.D.M.'s time at Wernle, the local probation department was required to provide the juvenile court with regular updates for the court's review. Thus, we cannot say that the juvenile court erred when it concluded that J.D.M. was on probation when it ordered him to register as a sex offender. J.D.M.'s arguments to the contrary are a request for this court to disregard the court's statements and reweigh the evidence on appeal, which we will not do.

[8]     We next address J.D.M.'s assertion that the State did not present sufficient evidence to show that he is likely to reoffend. Again, we cannot agree. The juvenile court made numerous findings, supported by the evidence, that support its conclusion that J.D.M. is likely to repeat an act that would be a sex offense if committed by an adult. Most notably, Dr. Soper testified that J.D.M.'s test scores placed him in a "moderate to low risk" to reoffend. Tr. at 108. Dr. Soper then clarified that J.D.M.'s likelihood to reoffend would increase as supervision over J.D.M. decreased. And Dr. Soper testified that, given J.D.M.'s age, supervision over him was about to decrease. Thus, juvenile court's conclusion that J.D.M. was likely to reoffend is supported by the record,

and J.D.M.'s arguments otherwise are merely requests for this court to reweigh the evidence on appeal, which we will not do.[2]

[9] The juvenile court's judgment is affirmed.

[10] Affirmed.

Robb, J., and Crone, J., concur.

---

[2] J.D.M. specifically challenges several of the juvenile court's findings, but those challenges are merely requests for this court to reweigh the evidence. And, in any event, we conclude that any error in those findings is harmless in light of the court's conclusion that J.D.M. is likely to reoffend and the evidence supporting that conclusion.