Jennings Aaron ROWE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 76A03–0312–CR–503.

Court of Appeals of Indiana.

Aug. 27, 2004.

Transfer Denied Oct. 19, 2004.

Daniel M. Grove, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Jennings Aaron Rowe appeals his conviction of failure to return to lawful detention, a Class D felony.[1] He questions whether the evidence was sufficient to prove he failed to return to lawful detention. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 30, 2001, the trial court sentenced Rowe to one hundred eighty days imprisonment for being an habitual traffic violator, a Class D felony.[2] The court explained that despite Rowe's reason for driving,[3] the court had no choice but to sentence him to 180 days executed because Rowe had been on probation when he committed the offense. The court gave Rowe credit for five days of pre-sentence incarceration.

Rowe, his counsel, and the trial court then discussed whether the court might stay execution of Rowe's sentence so Rowe could work over the summer. Counsel explained Rowe's construction job required

him to stay in other cities, which would not be possible even if he were placed on work release during his sentence. The trial court agreed to suspend execution, and the sentencing order provided: "Defendant is remanded to the custody of the Sheriff of Steuben County, Indiana for execution of the judgment of conviction and sentencing order of this Court, effective October 1, 2001 at 9:00 a.m." (Exhibits at 7.)

On September 30, 2001, Rowe called the county jail and requested an extension of his stay of sentence because he was working out of town and "there was no way I could make this." (Tr. at 64.) An extension was denied, and Rowe was told to report to the jail as instructed. Rowe did not surrender himself to the Sheriff on October 1st. Rather, he went to work that day. Eventually, an arrest warrant was issued and Rowe was taken into custody.

On December 13, 2001, the State charged Rowe with failure to return to lawful detention. A jury found Rowe guilty. The trial court gave Rowe a three-year sentence, with two years suspended to probation and one year to be served on work release or through community corrections.

## DISCUSSION AND DECISION

Rowe contends the evidence was insufficient to convict him of failure to return to lawful detention. Our standard of review for claims of insufficient evidence is well settled. We must affirm a conviction unless no reasonable fact-finder could have found the evidence proved the defendant's guilt beyond a reasonable doubt. *Winn v. State*, 748 N.E.2d 352, 357 (Ind. 2001). When making our determination,

---

1. Ind.Code § 35–44–3–5(c).

2. Ind.Code § 9–30–10–16(a).

3. Evidently, Rowe was driving his wife and son to a doctor because their son was having severe seizures, and his wife was caring for their son in the backseat.

we must view the evidence and the inferences therefrom in the light most favorable to the verdict, and we may neither reweigh the evidence nor reassess the credibility of the witnesses. *Id.*

Failure to return to lawful detention occurs when "[a] person ... knowingly or intentionally fails to return to lawful detention following temporary leave granted for a specified purpose or limited period." Ind.Code § 35–44–3–5(c). The legislature has defined "lawful detention" as:

(1) arrest;

(2) custody following surrender in lieu of arrest;

(3) detention in a penal facility;

(4) detention in a facility for custody of persons alleged or found to be delinquent children;

(5) detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance;

(6) detention for extradition or deportation;

(7) placement in a community corrections program's residential facility;

(8) electronic monitoring;

(9) custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation; or

(10) any other detention for law enforcement purposes.

Ind.Code § 35–41–1–18(a).

■ Rowe claims he was never lawfully detained after he was sentenced, and therefore there was no lawful detention to which he failed to return. His argument is original and intriguing, but in the end, it fails.

■ To decide Rowe's question, we must interpret the statute defining "lawful detention." The interpretation of a statute, which is a question of law, is reserved for the courts. *Anglin v. State,* 787 N.E.2d 1012, 1016 (Ind.Ct.App.2003), *trans. denied.* Our objective when construing a statute is to give effect to the intent of the legislature. *Id.* We must give words their common and ordinary meaning, while examining the statute as a whole. *Id.* "We presume the legislature intended the language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id.*

In *Anglin,* a defendant was in court for his sentencing hearing. The court sentenced him to one year in jail and one year on probation. "At the end of the sentencing hearing, the trial court ordered Anglin to wait in the hall for the transport officer from the Sheriff's Department to come and pick him up." *Id.* at 1015. Instead of waiting in the hall, Anglin left. He was later arrested and charged with escape. He was convicted and he appealed, claiming the evidence was insufficient to prove he fled from "lawful detention." In affirming his conviction, we explained:

Indiana Code § 35–41–1–18 does not explicitly limit its application to situations in which a law enforcement officer has control of an individual. While that would generally be the accepted view of many of the factors which are considered as lawful detention, it is not necessarily so. Further, what is critical in determining the meaning of "any other detention for law enforcement purposes" is that an individual is being detained so that he is subject to legitimate law enforcement purposes. In this case, the law enforcement purpose for which Anglin was ordered to wait in the hallway was for transportation to the jail and incarceration to serve the sentence which he had just been ordered to serve. While the initial detention itself was not

performed by a law enforcement officer, that is not fatal to the conviction for the crime as charged by the State. The trial court's order indicated that the sentence was to begin immediately, that actual incarceration would take place momentarily, and that Anglin was being turned over to the Sheriff's Department as soon as the hearing was over. Anglin was "detained" by the trial court in that he was not free to leave the building as soon as he was informed that the Sheriff's Department would pick him up at the designated location in the courthouse. That Anglin was not in the physical custody of the transport officer at the time that he fled does not exclude the conclusion that he was in "detention for law enforcement purposes."

*Id.* at 1017.

Rowe, unlike Anglin, was not told to wait in the hall to begin his sentence immediately, but to appear at the jail on a specified date to begin his sentence. However, the question before us is the same: whether Rowe was detained "for law enforcement purposes" pursuant to Ind.Code § 35–41–1–18(a)(10) once the trial court announced his sentence. We believe Rowe's presence in the trial court for sentencing, prior to being told he was released until October 1st, was a "detention for law enforcement purposes" to which he was required to return on October 1st.[4]

■ As explained in *Anglin,* detention for law enforcement purposes does not require the presence of a law enforcement officer. *Id.* Rather, the law compelled Rowe to be in front of the trial court judge for sentencing so that the judge could impose a sentence on Rowe for breaking a law. Those circumstances amount to "any other detention for law enforcement purposes."[5] Ind.Code § 35–41–1–18(a)(10).

Moreover, the court had the authority to order Rowe taken into custody at that moment to begin serving his sentence. The fact that the court then granted "temporary leave ... for a ... limited time" does not negate the court's prior lawful detention of Rowe for a law enforcement purpose. The distinction Rowe would have us draw between the judge's order that Anglin "wait in the hall for the transport officer," 787 N.E.2d at 1015, and the

4. At trial, Rowe's counsel asked him a number of questions about whether, on October 1, 2001, Rowe was "under arrest," "in custody following surrender," "in a penal facility," "on electronic monitoring," or "in detention for any law enforcement purposes." (Tr. at 63–64.) Rowe denied that any of those conditions applied to him on October 1, 2001, the date he failed to report to the Steuben County Jail.

However, the determinative question is *not* whether he was lawfully detained on October 1, 2001. Rather, the question is whether he was lawfully detained on April 30, 2001, prior to the court granting him "temporary leave" for a "limited period." Ind.Code § 35–44–3–5(c). On that date, Rowe appeared in court for his sentencing hearing on his conviction for being an habitual traffic violator. The trial court sentenced him to 180 days imprisonment and then, after discussion, agreed to stay the execution of that sentence.

5. Rowe admitted as much during the State's cross-examination of him at trial:

Q And tell me, what is your definition of law enforcement purposes?

A To keep the peace and to do things that are right.

Q Alright. Are what we're doing here today law enforcement purposes? Are we trying to enforce the laws of this state?

A Yes, Sir.

Q So a judge's order, when he tells you to do something, isn't that related to law enforcement?

A Yes, Sir.

Q So by violating the Judge's order by not showing up when you were suppose to you were violating a law enforcement purpose weren't you?

A Yes, Sir.

(Tr. at 65–66.)

order that Rowe report to the jail on October 1st is one without legal significance. The evidence is sufficient to support Rowe's conviction. *See also Mesarosh v. State*, 801 N.E.2d 200, 204 (Ind.Ct.App. 2004) (holding evidence sufficient to convict defendant of failure to return to lawful detention where police officer told defendant he was under arrest, officer then granted defendant's request that he be allowed to take his truck home, officer followed defendant home, and defendant fled on foot after parking his truck at home).

Affirmed.

SULLIVAN, J., and VAIDIK, J., concur.