**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 27A05–0407–JV–408.

Court of Appeals of Indiana.

Dec. 15, 2004.

Todd Glickfield, Marion, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

J.B. appeals the trial court's order that he register as a sex offender. He questions whether the trial court erred when it determined he met the definition of "offender" as set forth in Ind.Code § 5–2–12–4(b). We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 25, 2002, the State filed a petition alleging seventeen-year-old J.B. was a delinquent child because he committed child molesting[1] and indecent exposure.[2] After a hearing, the court found J.B. committed both acts and adjudicated him a delinquent. The court sentenced him to a suspended commitment to the Department of Correction, and ordered him to serve detention and attend sex offender counseling.

On July 23, 2003, J.B.'s probation officer filed a petition alleging J.B. violated his probation by failing to attend his appointments at Family Services Society and the probation department. The court found J.B. in contempt and ordered him to serve three weekends in detention.

On October 30, 2003, J.B.'s probation officer filed another petition alleging J.B. violated his probation by sexually harassing female students in his GED classes and by failing to make progress in his sex offender treatment. The court held a preliminary hearing in November and placed J.B. on house arrest with his grandparents until a final hearing could be held. On December 20th, J.B. turned eighteen years old. On January 7, 2004, the court found J.B. violated the conditions of his probation and left him on house arrest with his grandparents pending the dispositional hearing.

After a dispositional hearing in February of 2004, the court ordered J.B. placed in the Department of Correction ("DOC") until he was twenty-one years old. However, because J.B. had already turned eighteen, the DOC would not accept him. On April 7, 2004, the court held a hearing to determine whether J.B. should register as a sex offender. The State argued J.B. was likely to re-offend, and the court agreed, ordering J.B. to register within seven days.

## DISCUSSION AND DECISION

J.B. alleges the trial court erred by ordering him to register as a sex of-

---

1. "A child is a delinquent child if, before becoming eighteen (18) years of age, the child commits a delinquent act described in this chapter." Ind.Code § 31–37–1–1. A delinquent act is "an act that would be an offense if committed by an adult." Ind.Code § 31–37–1–2. "A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony." Ind.Code § 35–42–4–3(b). The charging information alleged J.B. fondled a thirteen-year-old with the intent to arouse or satisfy his own desires.

2. The State alleged J.B. committed indecent exposure as a Class C misdemeanor, which is defined as follows:

   (e) A person who, in a place other than a public place, with the intent to be seen by persons other than invitees and occupants of that place:
   (1) engages in sexual intercourse;
   (2) engages in deviate sexual conduct;
   (3) fondles the person's genitals or the genitals of another person; or
   (4) appears in a state of nudity;
   where the person can be seen by persons other than invitees and occupants of that place commits indecent exposure, a Class C misdemeanor.

fender. We review the trial court's decision to determine whether a reasonable fact finder could have found the State proved the required elements by clear and convincing evidence.[3] *B.J.B. v. State*, 805 N.E.2d 870, 872 (Ind.Ct.App.2004). We may neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

Specifically, J.B. claims the trial court erred when it found he was an "offender." Ind.Code § 5–2–12–4(b)[4] defines when a child may be ordered to register as a sex offender:

> The term includes a child who has committed a delinquent act and who:
>
> (1) is at least fourteen (14) years of age;
>
> (2) is on probation, is on parole, or is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC 31–9–2–115), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) if committed by an adult; and

> (3) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.

J.B. acknowledges he is over fourteen years old, and he does not question the court's finding he was likely to commit another of the crimes enumerated in subsection (a). However, he argues "he cannot be an 'offender' because he was neither on probation or parole, nor had he been discharged from the DOC." (Appellant's Br. at 4.) J.B. alleges he was removed from probation in October of 2003 when the court placed him on home detention with his grandparents and he "was never actually in detention in any secured facility," (Appellant's Br. at 5), because the DOC would not accept him. We disagree.

In February of 2004, the court ordered J.B. to spend nearly three years in the DOC. That the DOC would not accept him does not lead us to believe, as J.B. argues, that he was never "in detention." *See, e.g., Rowe v. State*, 813 N.E.2d 1232, 1234 (Ind.Ct.App.2004) (holding defendant was detained for purposes of failure to return to lawful detention statute when he

---

Ind.Code § 35–45–4–1.

**3.** The clear and convincing evidence standard "requires a stricter degree of proof than a mere preponderance of the evidence." *B.J.B.*, 805 N.E.2d at 873 (quoting *K.J.P. v. State*, 724 N.E.2d 612, 615 (Ind.Ct.App.2000), *trans. denied sub nom. Platt v. State*, 735 N.E.2d 236 (Ind.2000)).

**4.** Subsection (a) of Ind.Code § 5–2–12–4 lists the crimes for which an adult may be required to register:

    (1) Rape (IC 35–42–4–1).

    (2) Criminal deviate conduct (IC 35–42–4–2).

    (3) Child molesting (IC 35–42–4–3).

    (4) Child exploitation (IC 35–42–4–4(b)).

    (5) Vicarious sexual gratification (IC 35–42–4–5).

    (6) Child solicitation (IC 35–42–4–6).

    (7) Child seduction (IC 35–42–4–7).

    (8) Sexual misconduct with a minor as a Class A, Class B, or Class C felony (IC 35–42–4–9).

    (9) Incest (IC 35–46–1–3).

    (10) Sexual battery (IC 35–42–4–8).

    (11) Kidnapping (IC 35–42–3–2), if the victim is less than eighteen (18) years of age.

    (12) Criminal confinement (IC 35–42–3–3), if the victim is less than eighteen (18) years of age.

    (13) An attempt or conspiracy to commit a crime listed in subdivisions (1) through (12).

    (14) A crime under the laws of another jurisdiction, including a military court, that is substantially equivalent to any of the offenses listed in subdivisions (1) through (13).

was at court for sentencing hearing and received his sentence), *trans. denied; Anglin v. State*, 787 N.E.2d 1012, 1017 (Ind.Ct. App.2003) (holding defendant was under lawful detention by the Sheriff's Department prior to being picked up by transport officer because trial court sentenced him to serve one year and ordered him to wait in the hall for the transport officer), *trans. denied.* Rather, we see such facts as an indication he had been placed in the DOC by the court and then released by the DOC. Being discharged from the DOC is an event that gives the trial court authority to require J.B. to register as a sex offender. *See* Ind.Code § 5–2–12–4(b).

Moreover, the trial court's order indicates J.B. was to be "placed in the Grant County Juvenile Detention Center pending transport to the Department of Corrections [sic]." (Appellant's App. at 45.) Release from "a juvenile detention facility" is another event that triggers the trial court's authority to order a child to register as a sex offender. Ind.Code § 5–2–12–4(b)(2).

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.