## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any

court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 19 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott Knierim
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wayne Mitchell, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | October 19, 2016 <br><br> Court of Appeals Case No. 32A05-1605-CR-948 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Stephenie Lemay-Luken, Judge <br><br> Trial Court Cause No. 32D05-1601-F5-8 |

**Bailey, Judge.**

# Case Summary

Wayne Mitchell ("Mitchell") appeals his conviction for Escape, as a Level 5 felony,[1] presenting the sole issue of whether the State presented sufficient evidence that he was in lawful detention. We affirm.

# Facts and Procedural History

In December of 2015, Mitchell was incarcerated at the Hendricks County Jail awaiting a bench trial scheduled for January 21, 2016. Mitchell requested an inmate work assignment and was permitted to leave his cell and perform tasks at the county garage attached to the jail facility. He assisted Hendricks County Sheriff's Department mechanic, Ray Cummings ("Cummings"), doing such things as changing tires and washing vehicles, for "roughly a week, week and a half." (Tr. at 177.)

On January 14, 2016, Mitchell worked with Cummings for several hours. Around 7:30 p.m., Cummings told Mitchell that he could "go in." (Tr. at 180.) Mitchell went into a back area, where he shut off some lights and grabbed his jacket. He told Cummings that he had locked all the doors and would "see [Cummings] tomorrow." (Tr. at 180.) However, when Cummings checked the doors at 8:30 p.m., he discovered that one was left unlocked. Cummings locked

---

[1] Ind. Code § 35-44.1-3-4. He does not challenge his convictions for Burglary, as a Level 5 felony, I.C. § 35-43-2-1, or Auto Theft, as a Level 6 felony, I.C. § 35-43-4-2.5.

the door and went home, leaving a white Dodge truck parked outside. Cummings left the keys to that truck on his workbench.

[4] At around 5:00 the next morning, Cummings received a call from Deputy Charles Tyree. After being told that Mitchell was missing, Cummings checked the garage. The keys he had left on the workbench were no longer there, and there was a lug wrench out-of-place. Deputy Tyree examined the back door and it appeared to have been pried open with a tool. The white Dodge truck was missing and inmate clothing had been discarded in the parking lot.

[5] Later that day, officers discovered the white Dodge truck in a Walgreens parking lot in Greenwood, Indiana. Soon thereafter, Mitchell was taken into custody at the Greenwood Park Mall. The keys to the white Dodge truck were on his person.

[6] The State charged Mitchell with Escape, Burglary, and Auto Theft and alleged that he is a habitual offender. At the conclusion of the State's case-in-chief in the jury trial, Mitchell moved for a directed verdict on Count I, Escape. He argued that the State failed to properly charge flight from work release as opposed to lawful detention. The motion for a directed verdict was denied, and Mitchell was convicted of Escape, Burglary, and Auto Theft. The jury also found Mitchell to be a habitual offender. He was sentenced to six years imprisonment on the Escape conviction, enhanced by six years due to his habitual offender status. He received a five-year concurrent sentence for

Burglary and a one-year concurrent sentence for Auto Theft. This appeal ensued.

## Discussion and Decision

[7] Mitchell challenges the sufficiency of the evidence to support his conviction for Escape. When reviewing the sufficiency of the evidence to support a conviction, we will consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[8] The State charged that Mitchell violated Indiana Code Section 35-44.1-3-4, which provides in relevant part: "A person, except as provided in subsection (b), who intentionally flees from lawful detention commits escape, a Level 5 felony." Mitchell does not deny that he fled or that he did so intentionally. According to Mitchell, although his conduct arguably amounts to flight from work release, it does not constitute flight from lawful detention.[2]

[9] "Lawful detention" is defined by Indiana Code Section 35-31.5-2-186 to include "detention in a penal facility." The State presented evidence that Mitchell was an inmate at the Hendricks County Jail. He was being held on a $500 bond

---

[2] Mitchell claims that he was "in a program in which special privileges are allowed to inmates" and was "granted temporary leave for a specific purpose." (Appellant's Br. at 9-10.) However, he does not provide a statutory basis for his claim of temporary leave.

awaiting trial. Pursuant to his request, Mitchell had been allowed outside his cell to perform unpaid work. He had not been released from incarceration or transferred to the separate Hendricks County work release facility. The State presented sufficient evidence to establish that Mitchell was in lawful detention prior to his escape. Mitchell's emphasis upon the absence of a law enforcement officer at the garage is unavailing. *See Rowe v. State*, 813 N.E.2d 1232, 1235 (Ind. Ct. App. 2004) ("detention for law enforcement purposes does not require the presence of a law enforcement officer"), *trans. denied*.

# Conclusion

The State presented sufficient evidence to support Mitchell's conviction for Escape.

Affirmed.

Riley, J., and Barnes, J., concur.